

DA 10-0439

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 119N

RONALD ALAN HUMMEL,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 10-564C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Ronald Alan Hummel, (self-represented); Shelby, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

      Marty Lambert, Gallatin County Attorney; Ashley Whipple, Deputy
County Attorney; Bozeman, Montana

Submitted on Briefs:  April 26, 2011

Decided:  June 1, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Alan Hummel pled guilty to felony DUI in 2008, and we affirmed his conviction on appeal. *See State v. Hummel*, 2009 MT 289N. Hummel later filed a petition for postconviction relief with the Eighteenth Judicial District Court. He now appeals that court's denial of his petition for postconviction relief. We affirm.

¶3 Hummel sets forth four issues on appeal. We restate them as follows:

¶4 ***1. Did the District Court err in denying as procedurally barred Hummel's claims that the trial court should have allowed him a neuropsychological examination and to withdraw his guilty plea, and that his plea was involuntary?***

¶5 ***2. Did the District Court err in denying Hummel's claim that he received ineffective assistance of counsel on direct appeal?***

¶6 On direct appeal, Hummel argued he was entitled to a specialized neuropsychological evaluation and he should have been allowed to withdraw his plea because it was involuntary based on the erroneous denial of such an evaluation. We rejected those arguments. *See Hummel*, ¶ 8. Hummel has made basically these same arguments in his petition for postconviction relief. In denying Hummel's petition, the

District Court correctly stated the above issues are now barred as a matter of law. A petitioner seeking postconviction relief who has been afforded the opportunity for direct appeal may not raise grounds for relief that were or could have been raised on direct appeal. *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, 132 P.3d 540.

¶7 In regard to the claim of ineffective assistance of counsel, Hummel maintains his counsel on direct appeal should have argued his mental instability, as established by his court-ordered evaluation at Montana State Hospital prior to entry of his no-contest plea, affected his decision-making abilities. Hummel also contends his appellate counsel should have argued the medication he was taking when he entered his plea added to his unstable emotional mindset and doctors could have testified he was not competent to deal with the complex reasoning that a plea hearing requires. As to this claim, the District Court observed that, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), Hummel must show both that counsel's performance was deficient and that her performance prejudiced him to the extent it denied him a fair trial. The court correctly pointed out that Hummel failed to make these arguments in his motion to withdraw his guilty plea; thus, even had appellate counsel raised them, we would not have considered the arguments on appeal. *See State v. Shepard*, 2010 MT 20, ¶ 12, 355 Mont. 114, 225 P.3d 1217.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

3

issues are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶9  Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

4